557 So.2d 462 (1990)
Daniel McCOY, as Administrator of the Estate of his Minor Child Daniel Johnson
v.
ORLEANS PARISH SCHOOL BOARD, Marvin Knight and XYZ Ins. Co.
No. 89-CA-1172.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1990.
Rehearing Denied March 21, 1990.
Writ Denied May 25, 1990.
*463 Clare Jupiter, Jefferson, Bryan, Jupiter, Lewis & Blanson, New Orleans, for appellant.
Temple A. Stephens, Law Offices of Donald T. Giglio, New Orleans, for appellee.
Before BARRY, KLEES and WILLIAMS, JJ.
WILLIAMS, Judge.
Daniel McCoy, plaintiff herein, sued the Orleans Parish School Board and Marvin Knight, a teacher employed by the Board, for injuries which Knight allegedly inflicted on the plaintiff's son. The Orleans Parish School Board filed a third party demand against Insurance Company of America (INA), the professional liability insurer of Knight. INA filed a motion for summary judgment, arguing that it should be dismissed from these proceedings based on LSA-La.R.S. 17:416.1(B), which obligates the Orleans Parish School Board to provide a defense for Knight and indemnify him fully against any judgment rendered against him in the instant suit. The trial court granted INA's motion. We affirm.
The Orleans Parish School Board argues that the Trial Court erred in granting summary judgment because the School Board does not fall within the "other insurance" clause in the insurance contract which INA issued to Knight.[1] We disagree. The statutory duty imposed by LSA-La.R.S. 17:416.1(B) applies regardless of any contract entered into by the School Board's employee.
LSA-La.R.S. 17:416.1(B) provides:
"Should any teacher, principal or administrator in the public school system be sued for damages by any student, the parent of any student or other persons qualified to bring suit on behalf of such student based upon the act or omission of such teacher, principal or administrator in the directing of and disciplining of school children under their care and supervision, it shall be the responsibility of the school board employing such teacher, principal or administrator to provide such defendant with a legal defense to such suit including reasonable attorney's fees, investigatory costs and other related expenses. Should any such teacher, principal or administrator be cast in judgment for damages in such suit, it shall be the obligation of the school board employing such defendant to indemnify him fully against such judgment including all principal, interest and costs. Nothing in this section shall require a school board to indemnify a teacher, principal or administrator against a judgment wherein there is a specific decree in the judgment that the action of the teacher, principal or administrator was malicious, and willfully and deliberately intended to cause bodily harm." [Emphasis added.]
The language of the statute is clear and unambiguous. Its provisions cannot be disregarded under the pretext of pursuing what the parties contend is the true legislative intent. LSA-C.C. Article 13.
*464 LSA-La.R.S. 17:416.1(B) requires that the School Board provide Knight with a legal defense herein, including reasonable attorney fees, investigatory costs and other related expenses, regardless of the outcome of the case. Furthermore, if Knight is cast in judgment for damages in this suit, the School Board will be obliged to indemnify him fully against the judgment. However, if Knight's action is found to be malicious and a willful and deliberate infliction of bodily harm, the School Board has no statutory obligation to indemnify him against that judgment.
The fact that Knight has limited coverage under a private professional liability policy does not relieve the School Board of the statutory obligation imposed by LSA-La.R.S. 17:416.1(B). McKinney v. Greene, 379 So.2d 69 (La.App. 3d Cir.1979). We also note that the School Board is not entitled to indemnification by Knight's private professional liability insurer in the event that the Board is required under La.R.S. 17:416.1 to indemnify Knight against a judgment. Id.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The "other insurance" clause provides:

"The insurance afforded by this policy is excess over any other valid and collectible insurance (including self-insurance programs covering the insured up to the limits of the `taxing authority') whether such other insurance is stated to be primary, contributing, excess or contingent, the insurance afforded by this policy shall not be available on any other basis.
"Taxing Authority shall mean any governmental entity granted the authority to levy taxes."