629 So.2d 1292 (1993)
Alvin RICHARDSON and Linda Hains Richardson, individually and on behalf of their minor child, Duane Hayes
v.
ORLEANS PARISH SCHOOL BOARD, Edward Pierce and XYZ Insurance Company.
No. 93-CA-1179.
Court of Appeal of Louisiana, Fourth Circuit.
December 16, 1993.
Temple A. Stephens, New Orleans, for third-party/defendant/appellant.
Clare Jupiter, Bryan, Jupiter, Lewis & Blanson, New Orleans, for defendants/appellees.
Before BYRNES and JONES, JJ., and JOHN A. DIXON, Jr., J. Pro Tem.
WILLIAM H. BYRNES, III JUDGE
The plaintiffs, parents of the minor Duane Haynes, sued an Orleans Parish public school teacher, Edward Pierce, for damages resulting from a confrontation between Pierce and Haynes on December 4, 1989. The Orleans Parish School Board was also named as a defendant under the doctrine of respondeat superior for the tortious acts of its employee Pierce.
Pierce filed a cross claim against the Orleans Parish School Board contending:
"That the Orleans Parish School Board has the duty to defend and indemnify teachers in its employment pursuant to Louisiana Revised Statute 17:416.1 and 17:416.4."
In response the attorneys handling the defense of the Orleans Parish School Board also assumed the defense of Edward Pierce.
The attorneys for the School Board acting in their capacity as attorneys for Pierce filed a third-party demand against the Insurance Company of North America (INA). The American Federation of Teachers was the named insured under the INA policy which included professional liability coverage that Pierce argued covered him in situations such as this. Next, Pierce filed a motion to dismiss his cross claim against the School Board.
INA countered with a motion for summary judgment arguing that its coverage was limited to "excess insurance for the American Federation of Teachers which inures to the benefit of members of the American Federation of Teachers following the exhaustion of underlying overages or self insured programs provided by the school boards [i.e., LSA-R.S. 17:416.1 indemnity] by whom the teachers are employed." (Emphasis added).
INA's motion for summary judgment was denied. When INA sought to have the denial of said motion reversed, this Court found that the exercise of its supervisory jurisdiction *1293 was not warranted and denied writs. INA has not reargued the issue of "excess coverage" on this appeal.
Prior to trial Edward Pierce died and his succession representative Geraldine Pierce was substituted. (As all of her pleadings and actions were consistent with those of the decedent, for the sake of simplicity she will also be referred to as Pierce.) Pierce then filed another third party demand against INA urging the same claims on behalf of the succession against INA as had been originally urged by Pierce individually.
The original judgment in favor of plaintiff rendered by the trial court on January 25, 1993 held Pierce, the Orleans Parish School Board and INA liable jointly, severally, and in solido.
INA moved for a new trial arguing that INA was not a party to the main demand.
The new trial was granted and the trial court rendered a new judgment in favor of plaintiff and against Pierce and the School Board on the main demand. On the third party demand the court held that INA was liable for the "full amount of any sums in which Geraldine Pierce as succession representative for the Succession of Edward Pierce is cast in these proceedings."
The INA policy provides that:
"We pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies." (Emphasis added).
INA argues that LSA-R.S. 17:416.1 places the obligation to pay on the School Board.
LSA-R.S. 17:416.1(C) provides that:
"Should any teacher ... be sued for damages by any student ... it shall be the responsibility of the school board employing such teacher ... to provide such defendant with a legal defense to such suit.... Should any such teacher ... be cast in judgment for damages ... it shall be the obligation of the school board employing such defendant to indemnify him fully against such judgment. Nothing in this Section shall require a school board to indemnify a teacher ... against a judgment wherein there is a specific decree in the judgment that the action of the teacher... was malicious, and willfully and deliberately intended to cause bodily harm."[1] (Emphasis added)
In McCoy v. Orleans Parish School Board, 557 So.2d 462 (La.App. 4 Cir.1990) writ denied 563 So.2d 882 (La.1990) the plaintiff sued the defendant teacher, Knight, and the Orleans Parish School Board. The Orleans Parish School Board filed a third party demand against INA. INA was dismissed on motion for summary judgment. The School Board was required to fully indemnify the teacher, Knight, and no recovery was allowed against INA because it was found to provide excess coverage only after all other sources of recovery such as the indemnity required of the School Board by LSA-R.S. 17:416.1(C) were exhausted:
The statutory duty imposed by LSA-R.S. 17:416.1(B) applies regardless of any contract entered into by the School Board's employee.
The language of the statute is clear and unambiguous. Its provisions cannot be disregarded under the pretext of pursuing what the parties contend is the true legislative intent. LSA-C.C. Article 13.
LSA-La.R.S. 17:416.1(B) requires that the School Board provide Knight with a legal defense herein, including reasonable attorney fees, investigatory costs and other related expenses, regardless of the outcome of the case. Furthermore, if Knight is cast in judgment for damages in this suit, the School Board will be obliged to indemnify him fully against the judgment. However, if Knight's action is found to be malicious and a wilful and deliberate infliction of bodily harm, the School Board has no statutory obligation to indemnify him against that judgment.

*1294 The fact that Knight has limited coverage under a private professional liability policy does not relieve the School Board of the statutory obligation imposed by LSA-La.R.S. 17:416.1(B). McKinney v. Greene, 379 So.2d 69 (La.App. 3 Cir.1979). We also note that the School Board is not entitled to indemnification by Knight's private professional liability insurer in the event that the Board is required under La.R.S. 17:416.1 to indemnify Knight against a judgment. (Emphasis added.) Id. at p. 463 and 464.
The instant case is distinguishable from McCoy. The insurance policy in the instant case provides primary coverage and is not limited to excess coverage. In McCoy the teacher did not file a third party claim against INA. In the instant case the teacher, Pierce, did.
Although the School Board has no right to proceed directly or indirectly against INA, Pierce does. He is an insured under the policy. We may safely assume that INA received compensation in the form of premiums for the coverage provided by its policy. INA should have no objection to providing the coverage called for in its policy and for which it has received compensation. Just as the School Board cannot relegate the teacher to his remedies against his insurer, the insurer cannot require the teacher to proceed against the School Board in the absence of a specific policy provision.
In Haley v. McManus, 593 So.2d 1339, 1347 (La.App. 1 Cir.1991) the court held that under LSA-R.S. 17:416 a school board has no right to indemnity from a school teacher's insurer citing McKinney v. Greene, 379 So.2d 69 (La.App. 3 Cir.1979), writs denied, 381 So.2d 1233, 1235 (La.1980).
In McKinney the court said:
"Had the legislature elected to do so, it could have granted the school board the right to seek reimbursement from its employee's private professional liability insurer. Since it did not do so, and the school board does not have a contractual relationship with the insurer, we find no legal basis for granting the relief sought." Id. 379 So.2d at 73.
In Haley the teacher and her insurer both filed third party claims against the school board which the trial court dismissed. On appeal those dismissals were both reversed thereby confirming the procedural right of a teacher's insurer as well as the teacher to compel the school board to provide the indemnification required by LSA-R.S. 17:416.1.
However, as INA failed to file a third party demand against the School Board in these proceedings as distinguished from Haley we are not required to decide whether we agree with our learned colleagues of the First Circuit on this point. Nor does INA have the right to raise Pierce's right of indemnity from the School Board as a defense or by way of exception.
The INA policy requires that it pay those claims which Pierce was "obligated to pay." INA argues that LSA-R.S. 17:416.1 relieved Pierce of any obligation to pay plaintiff's claim by placing it exclusively upon the School Board.
But Pierce's right to indemnity from the School Board does not relieve Pierce of his obligation to the plaintiff he injured. The statute merely provides a source of funds with which he may satisfy that legal obligation in much the same way as the INA policy. While Pierce is entitled to protection from the School Board against any loss, nothing prevents the plaintiff from pursuing Pierce alone. The plaintiff could seize Pierce's assets and if he were still alive might attempt to garnish his wages. Even if the School Board only delayed payment of this judgment, Pierce faces the prospect of being subjected to the above actions by plaintiff which would be sufficiently traumatic even on a temporary basis to give any teacher a valid interest in the INA insurance coverage. This is compounded by the fact that LSA-R.S. 13:5109(B)(2) denies Pierce an equivalent remedy against the School Board because he is prohibited from seizing state assets of the School Board should he attempt to enforce his claims against the School Board.
The School Board has no right to indemnity from INA. McCoy v. Orleans Parish School Board supra; Haley v. McManus, supra; McKinney v. Greene, supra. INA *1295 contends that if we uphold Pierce's judgment against INA that it has the same effect as would a third party indemnity claim against it by the School Board which is prohibited, thereby allowing the School Board to achieve by indirection what it is not permitted to do directly.
INA points out that the School Board did not furnish Pierce with his own separate counsel when called upon by Pierce to provide him with a defense as required by LSA-R.S. 17:416.1(C). Instead the same attorney who represented the School Board in these proceedings undertook to represent Pierce. Shortly after the School Board's attorney began representing Pierce, Pierce dismissed his cross claim against the School Board. There is no doubt that the School Board will benefit from the judgment in these proceedings against INA because that will relieve the School Board of the necessity of indemnifying Pierce as required by LSA-R.S. 17:416.1.
However, the fact that the School Board may be the chief beneficiary of the judgment against INA and, indeed, may have orchestrated the handling of Pierce's case to achieve those results, does not alter the fact that Pierce had a right to collect under the INA policy. INA has shown no requirement in that policy that Pierce first exhaust his remedies against the School Board. INA has produced no policy provision giving it the right to question Pierce's motives in not pursuing his rights against the School Board. There is a strong public policy expressed in the statute compelling the School Board to indemnify its teachers. The teachers are the intended beneficiaries of that statute, not their insurer. There is an equally strong public policy that insurance companies provide the coverage for which they have accepted premiums. Since both of these public policies run in favor of Pierce, the choice should be his. There is no public policy that would require him to choose one over the other and no public policy that would permit this Court to substitute our choice for his.
LSA-R.S. 17:416.1(C) does not require the School Board to pay this judgment once it has been satisfied by INA. The School Board cannot demand indemnity from its teachers' insurers, but its teachers can.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The trial judge in his reasons for judgment specifically found that:

"Pierce however did not act maliciously and his act was not willful and deliberately intended to cause bodily harm."
That finding is not contested.