637 So.2d 1258 (1994)
Madeline EDWARDS on Behalf of Her Minor Child, Derrick EDWARDS
v.
Julius SAUL, the Orleans Parish School Board and XYZ Insurance Company.
No. 93-CA-1802.
Court of Appeal of Louisiana, Fourth Circuit.
May 26, 1994.
James J. Danna, Law Offices of Donald T. Giglio, New Orleans, for defendant/appellee.
Clare Jupiter, Bryan, Jupiter, Lewis & Blanson, New Orleans, for defendant/appellant.
Before WARD, WALTZER and LANDRIEU, JJ.
WALTZER, Judge.
Plaintiff Madeline Edwards filed suit on behalf of her then minor son, Derrick Edwards, for damages sustained by him on March 25, 1987, when he was physically beaten by Julius Saul, his homeroom teacher at McDonough No. 35 High School in New Orleans. Plaintiff's original petition named Julius Saul and his professional liability insurer, denominated at that time as "XYZ Insurance Company", and the Orleans Parish School Board (hereinafter "O.P.S.B.") as defendants. O.P.S.B. is self-insured.
On July 1, 1988, O.P.S.B. brought a third party demand against the Insurance Company of North America (hereinafter "I.N.A."), the teacher's professional liability insurer, seeking indemnification. In its third party demand, O.P.S.B. requested that service be made on I.N.A. through its agent for service of process, the Secretary of State. On June 30, 1989, O.P.S.B. brought a second third party demand against I.N.A., the teacher's professional liability insurer, again urging indemnification and alternatively seeking contribution. In its second third party demand O.P.S.B. requested that service be made on I.N.A. through its agent for service of process, the Secretary of State. The citation contained in the record indicates that I.N.A. was served through the Secretary of State with both the third party demand and the original petition on July 27, 1989 as indicated by the return signed by the serving officer, Harvey Thompson, Deputy Sheriff of East Baton Rouge Parish.
Plaintiff amended her petition to specifically name I.N.A. as the insurer previously denominated as "XYZ". The original petition was served on I.N.A. on July 19, 1988 and the amended petition was served on *1259 I.N.A. on September 26, 1988. Both were served on I.N.A. through the Secretary of State as indicated by the citation contained in the record, indicating receipt by Carl H. Stages, Jr., Undersecretary of State or Debbie Maggio, Director of Administrative Services and attested to by the serving officer, Harvey Thompson, Deputy Sheriff of East Baton Rouge Parish.
On August 18, 1989, I.N.A. answered O.P.S.B.'s third party demand.
On April 4, 1990, I.N.A. answered plaintiff's original and amended petitions. O.P.S.B. then assumed the representation of teacher Julius Saul, who had different counsel until this point.
On May 22, 1990, teacher Julius Saul brought a third party demand, seeking defense and indemnification against his own insurer, I.N.A., under the policy of which he was a named insured. This May 22, 1990 third party demand by Saul requested that service be made on I.N.A. through the Secretary of State.
On December 18, 1990, O.P.S.B. voluntarily dismissed its third party demands against I.N.A., the teacher's insurer.
It should be noted that at no time did the teacher file a third party demand or other pleading seeking defense and indemnification from the School Board, even though this option was available to him under LSA-R.S. 17:416.1 and LSA-R.S. 17:416.4.
During the course of the litigation, Derrick reached the age of majority and was substituted as proper party plaintiff.
Trial was held on October 6, 1992. On November 30, 1992, the trial court signed the following judgment:
This cause came on October 6, 1992 to be heard.
 Present: ..., attorney for/and Derrick
 Edwards
 ..., attorney for/and Julius
 Saul
 ..., attorney for Orleans
 Parish School Board
 ..., attorney for Insurance
 Company of North America
After hearing the pleadings, evidence, and arguments of counsel, the court considering the law and evidence to be in favor of the plaintiff, Derrick Edwards and against the defendants, Julius Saul and Orleans Parish School Board for the reasons this day orally assigned.
IT IS ORDERED, ADJUDGED AND DECREED that there by judgment herein in favor of the plaintiff Derrick Edwards and against the defendants Julius Saul and Orleans Parish School Board in the sum of $5000.00 with legal interest thereon from January 21, 1988 until paid and for the full costs of these proceedings.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants Julius Saul and Orleans Parish School Board (sic) to pay to the plaintiff Derrick Edwards medical expenses in the amount of $895.00.
Judgment read, rendered and signed in open court this 30th day of November, 1992 at New Orleans, Louisiana.
 /s/ Judge (emphasis added).
As seen by the quote above, although I.N.A.'s counsel was at the trial and actively participated therein, this judgment does not mention I.N.A.[1] This November 30, 1992 judgment has not been appealed and is now final.
Because the November 30, 1992 judgment granted damages against teacher Julius Saul and O.P.S.B. without reference to the third party demands, on December 10, 1992 counsel for the teacher and O.P.S.B. filed a Motion for Clarification of the Judgment and Motion for New Trial.
*1260 On January 8, 1993, I.N.A. was served with Saul's third party demand as indicated by the return of service contained in the record and indicating service on I.N.A. through the Secretary of State's Office as attested to by Harvey Thompson, Deputy Sheriff of East Baton Rouge Parish. Although Saul had requested service on May 22, 1990, the Sheriff's Office did not make service until this time.
On January 28, 1993, I.N.A. filed its answer to Saul's third party demand. The filing of I.N.A.'s answer, which did not contain and was not filed contemporaneously with an exception, constitutes a general appearance under LSA-C.C.P. art. 7 and by operation of law waives any objections it may have had to untimely service. LSA-C.C.P. art. 925; LSA-C.C.P. art. 2002(2). I.N.A. stated in its Memorandum In Opposition to the Motion for Clarification of the Judgment and Motion for New Trial as follows:
Defendants' Motion concerns itself with the error that the third party demand of Julius Saul, the teacher, was not served on third party defendant, the Insurance Company of North America. Regretfully, this is true; at the time of trial on October 6, 1992, the Third Party Demand was not "tried" even though no one caught the error and all believed that it had been tried, as Pre- and Post-Trial Memoranda referred to I.N.A. as both defendant and third party defendant. As the Third Party Demand has never been tried, this Court need not grant a new trial on an issue that was not before it. Indeed, for all practical purposes, the Third Party Demand has already been severed from the main demand, the main demand having been tried on October 6, 1992 and judgment rendered.
I.N.A. was served with the teacher's Third Party Demand and an Answer has been filed. Thus, issue on the Third Party Demand has been joined.
In fact, counsel for I.N.A. indicated to this court that I.N.A. knowingly and voluntarily waived any objections to insufficiency of service.
On February 25, 1993, the trial court issued the following judgment:
The Motion for A New Trial; Motion to Clarify Judgment of Julius Saul and the Orleans Parish School Board came for hearing on February 19, 1993.
 Present: ..., attorney for Julius
 Saul and the Orleans Parish School
 Board;
 ..., attorney for the Insurance
 Company of North America.
The court, considering the law, the evidence, the pleadings and the argument of counsel, renders judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the Motion For A New Trial on the main demand be and is hereby denied.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Demand of Julius Saul against the Insurance Company of North America be and is hereby severed from the main demand.
New Orleans, Louisiana, this 25th day of February, 1993.
 /s/ Judge (emphasis added).
The February 25, 1993 judgment has not been appealed and is now final.
On March 19, 1993, I.N.A., Saul's insurer, filed a motion for summary judgment on the third party demand. In response thereto, the trial court issued a judgment dated May 11, 1993, as follows:
The Motion For Summary Judgment of third party defendant, the Insurance Company of North America, came for hearing on May 7, 1993.
 Present: ..., counsel for third party
 plaintiff, JULIUS SAUL;
 ..., counsel for third party
 defendant, the INSURANCE COMPANY
 OF NORTH AMERICA.
The Court, considering the law, the evidence, the pleadings and the argument of counsel, renders judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the Motion For Summary Judgment of the INSURANCE COMPANY OF NORTH AMERICA be and is hereby granted, dismissing the Third Party *1261 Demand of Julius Saul with prejudice, each party to bear its own costs.
New Orleans, Louisiana, this 11th day of May, 1993.
 /s/ Judge (emphasis added).
The May 11, 1993 judgment is the only judgment on appeal. Both the November 30, 1992 and February 25, 1993 judgments are final. Additionally, I.N.A. has neither appealed, nor answered the appeal and the question of insufficiency of service has not been raised as an issue on appeal, hence it has been abandoned and is not properly before this court. Rule 2-12.4, Uniform Rules of Louisiana Courts of Appeal.
Turning to the issues that are properly before this court, appellant raises the following specifications of error:
1. The trial court erred in dismissing the teacher's third party demand for indemnification and defense against his own insurer and under a policy of which he is a named insured and that the dismissal conflicts with prevailing jurisprudence.
2. The trial court erred in finding that I.N.A.'s policy language excluded Saul's claim.
3. The trial court erred in concluding that LSA-R.S. 17:416.1(B) requires the School Board alone to indemnify Saul.
Turning to appellant's first and second specifications of error which are integrally related, appellant Saul cites this court's recent decision in Richardson v. Orleans Parish School Board, 629 So.2d 1292 (La. App. 4 Cir.1993) writ denied 634 So.2d 393 (La.1994).[2] In Richardson, plaintiff sued the teacher. The teacher then sued the school board for defense and indemnification. The school board attorneys assumed the defense of the teacher. The teacher then sued his own professional liability insurer for costs of defense and indemnification and dismissed his claim for same against the school board. The insurance policy in Richardson was a primary policy. This court found:
that Pierce (the teacher) had a right to collect under the I.N.A. (the teacher's professional liability) policy. I.N.A. has shown no requirement in that policy that Pierce first exhaust his remedies against the School Board. (At 1295).
Unlike the policy in Richardson, the policy in the instant case provides:
The insurance afforded by this policy is excess over any other valid and collective insurance (including self-insurance programs covering the insureds up to the limits of the "taxing authority") whether such other insurance is stated to be primary, contributing excess or contingent, the insurance afforded by this policy shall not be available on any other basis.
"Taxing Authority" shall mean any governmental entity granted the authority to levy taxes.
*1262 Additionally, all parties concede that the policy is an excess policy.
We distinguish the instant case from Richardson, supra, on the grounds that the Richardson policy was a primary policy, whereas the policy in the instant case is an excess policy.
O.P.S.B. is self-insured and no one has produced any evidence or argument indicating what the "limits of the taxing authority" of O.P.S.B. are. We assume, however, that the limits of the taxing authority are greater than the approximately $6,000.00 at issue in the instant case. While there may arise a case in which the meaning of the phrase "the limits of the taxing authority" will be litigated, this is not the case.
Under the clear and unambiguous language of the policy, we find that the trial court did not err in dismissing teacher Julius Saul's third party demand against his professional liability insurer for defense and indemnification.
Because the two threshold issues addressed above are dispositive of this matter, judicial economy dictates that we do not address the third specification of error on appeal.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] Although the trial court stated in its written reasons for judgment that O.P.S.B. "has the responsibility to indemnify Mr. Saul for the amount of the judgment", the trial court did not write the judgment to so indicate. The judgment as written holds defendants Saul and OPSB jointly and severally liable. Our jurisprudence holds that where there is a discrepancy between the judgment and the reasons for judgment, the judgment controls. Babin v. Burnside Terminal, Greater Baton Rouge Port Com'n, 577 So.2d 90 (La.App. 1 Cir.1990); Owens v. U.S. Home, Inc., 552 So.2d 998 (La.App. 1 Cir.1989).
[2] There are three other cases argued in conjunction with this matter. They are McCoy v. Orleans Parish School Board, 557 So.2d 462 (La.App. 4 Cir.1990) writ denied 563 So.2d 882 (La.1990), McKinney v. Greene, 379 So.2d 69 (La.App. 3 Cir.1979) writ denied 381 So.2d 1233 (La.1980) and writ denied 381 So.2d 1235 (La.1980) and Haley v. McManus, 593 So.2d 1339 (La.App. 1 Cir.1991). All three cases are distinguishable as follows.

McCoy involved an excess policy, however, the school board sued the teacher's professional liability insurer claiming defense and indemnity for the board, which was not an insured under the contract. The court in McCoy found that the school board was not entitled to indemnification from the teacher's private professional liability insurer. The instant case is distinguishable from McCoy in that the teacher in the instant case is an insured under the policy and is suing his own insurer claiming defense and indemnification for himself.
McKinney was decided before the enactment of LSA-R.S. 17:416.4, the indemnification statute for acts or omissions by teachers when in the proper course and scope of duties, but not arising out of the directing of or disciplining of school children and was decided entirely under LSA-R.S. 17:416.1. Additionally, the school board was not found liable. In McKinney, the school board, not the teacher, sued the teacher's professional liability insurer and its own insurer for defense and indemnification. The court found that the school board, which was not a named insured, could not collect under the teacher's professional liability policy. The court further found that the school board could not collect under its own policy, which specifically excluded coverage for bodily injury.
Unlike McKinney, the school board in Haley also was found liable. In Haley, the court found that under LSA-R.S. 17:416.1, the school board owed the teacher indemnification for the amounts that she personally was obligated to pay under the judgment, but found no indemnification obligation owed to her professional liability insurer.