664 So.2d 662 (1995)
Sherry GORUM, Plaintiff,
v.
LOUISIANA HOSPITAL ASSOCIATION EMPLOYEE BENEFIT TRUST, Defendant.
No. 95-468.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
*663 Roger G. Burgess, Lake Charles, for Sherry Gorum.
Randall Louis Champagne, Lafayette, Cathryn Simpson Long, Baton Rouge, for La. Hospital Association Employee Benefit Trust.
Christopher M. Trahan, Lake Charles, for TMG Life Ins. Co.
Before THIBODEAUX, WOODARD and KNIGHT[*], JJ.
KNIGHT, Judge.
The plaintiff-in-intervention, TMG Life Insurance (TMG), appeals, requesting that this court reverse the trial court's grant of an exception of no right of action raised by the defendant-in-intervention, Louisiana Hospital Association Employee Benefit Trust (LHAEBT). Upon review of the record, we find that the trial court in its judgment erroneously granted an exception of no cause of action. We reverse the trial court judgment granting the exception of no cause of action as to TMG and remand the case with instructions.

FACTS
On February 14, 1991, Amber Gorum was seriously injured in a go-cart accident. Amber is the step-daughter of the plaintiff, Sherry Gorum, and the natural daughter of Glendon B. Gorum, Sherry's husband. At the time of the accident Sherry worked for the West Calcasieu-Cameron Hospital and was enrolled in the LHAEBT health insurance benefits plan through her employer. Glendon was insured by Association Life Insurance Company (Association) through his employer and kept Amber insured under that policy as required in his April 8, 1985 divorce decree.
On February 5, 1992, Sherry filed suit alleging that the LHAEBT plan covered Amber, that it was indebted to her for medical and hospital bills incurred by Amber and that she had filed a claim which LHAEBT had refused to pay. LHAEBT denied that Amber was covered by the policy.
Association paid over $300,000.00 in medical benefits on behalf of Amber. Association's successor in interest, TMG, filed a petition of intervention in this suit on January 31, 1994. TMG alleged that LHAEBT was Amber's primary insurer at the time of the accident and that LHAEBT should reimburse TMG for benefits owed by LHAEBT as the primary policy. Alternatively, TMG alleged that LHAEBT provided co-equal coverage and thus, owes reimbursement for half of Amber's medical and hospital expenses.
LHAEBT filed a peremptory exception of no right of action contending that it is a benefits plan established pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC § 1001, et seq., and that the civil enforcement provisions of ERISA precludes a right of action by TMG. The trial court in its opinion on the exception stated, "[a]s to the exception of No Right of Action ..., the Court finds that the exception should be maintained. The trust is an ERISA plan, ... TMG is not a proper party to intervene in this matter." However, the judgment signed by the trial court on December 21, 1994, provided:
IT IS ORDERED, ADJUDGED AND DECREED, that the Peremptory Exception of no Cause of action filed by the Louisiana Hospital Association Employee Benefit Trust against TMG Life Insurance Company be and same is hereby granted;
(Emphasis added.)
IT IS ORDERED, ADJUDGED AND DECREED, that the claims of TMG Life Insurance Company, which are presently pending before this Court, be and the same are hereby dismissed, with prejudice....
TMG appeals, urging as error improper granting of an exception of no right of action. We address TMG's assignment along with the erroneous trial court judgment.

*664 EXCEPTION
Where the opinion or reasons for judgment and the judgment contradict each other, the judgment prevails. Edwards on behalf of Edwards v. Saul, 93-1802 (La.App. 4 Cir. 5/26/94); 637 So.2d 1258, writ denied, 94-1729 (La. 10/14/94); 643 So.2d 161; Watts v. Aetna Cas. and Sur. Co., 574 So.2d 364 (La.App. 1 Cir.), writ denied, 568 So.2d 1089 (La.1990). Therefore, the trial court judgment signed in this case granting a peremptory exception of no cause of action prevails. Although a peremptory exception of no cause of action can be recognized by the trial court sua sponte, La.Code Civ.P. art. 927, a review of the record indicates that the court did not intend to do so. More important, though, is the fact that such an exception is not supported by the record. TMG states a cause of action in its petition, since an ERISA plan may be sued for failure to pay benefits owed. Accordingly, we reverse the granting of the exception of no cause of action and the dismissal of TMG's case with prejudice.
However, a peremptory exception of no right of action may be noticed by either the trial or appellate court sua sponte where the record supports such an action. La.Code Civ.P. art. 927. The exception is appropriate when the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with suit in a particular case. Moyers v. Altmann, 594 So.2d 6 (La. App. 3 Cir.1992). "The main function of a peremptory exception of no right of action is to raise the question of whether a remedy afforded by law can be invoked by a particular plaintiff." Id. at 8. Since LHAEBT is an ERISA plan, article 927 must be read in conjunction with 29 USC § 1132(a), which sets out those persons empowered to bring a civil action, namely a participant, a beneficiary, a fiduciary of the plan and the Secretary of Labor. In particular, section 1132(a)(1)(b) provides that a participant or beneficiary may bring a civil action to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.
In addition, federal case law has held that since ERISA contains no anti-assignment provisions with regard to health care benefits of ERISA-governed medical plans, that ERISA health care benefits are assignable. Hermann Hosp. v. MEBA Medical & Benefits Plan, 845 F.2d 1286 (5th Cir.1988); Misic v. Building Service Employees' Health, 789 F.2d 1374 (9th Cir.1986). Citing these cases as authority, the court in Allstate Insurance Company v. Operating Engineers Local 324 Health Care Plan, 742 F.Supp. 952 (E.D.Mich.1990), found that a subrogee of an ERISA participant has standing to sue pursuant to 29 U.S.C. § 1132.
In its exception, LHAEBT alleges that TMG does not fit in the categories of participant, beneficiary or assignee of a participant or beneficiary and thus, has no right of action. TMG in its petition of intervention alleged that it was the successor in interest to Association, and that at the time of her accident Amber was covered by two group insurance plans, namely LHAEBT and Association. TMG also alleged that it had paid benefits in excess of $300,000.00 and was continuing to pay benefits. Finally, TMG alleged that LHAEBT was the primary insurance coverage for the injuries received by Amber or, in the alternative, alleged the two insurance policies provided coverage on an equal basis and thus, should have made payments on an equal basis. Nowhere in its petition does TMG allege that it is either a participant or a beneficiary of the plan or an assignee or subrogee thereof.
Although TMG failed to allege sufficient facts in its petition to give it a right of action, it must be given the opportunity to amend its petition to do so. La.Code Civ.P. art. 934 provides that:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
TMG alleges in its appellate brief that it is a subrogee of the LHAEBT beneficiary, Amber. TMG also alleges that the insurance *665 policy taken out by Amber's father covering Amber gave TMG subrogation rights against LHAEBT when TMG paid benefits owed by LHAEBT. Since a subrogee of an ERISA plan beneficiary may bring a civil action for benefits, had TMG pleaded this in its petition it would have stated a right of action. Therefore, we remand this case to allow TMG an opportunity to amend its petition pursuant to La.Code Civ.P. Art. 934. However, since this case comes before us on a peremptory exception of no right of action, we do not reach or express an opinion as to the merits of this case.

DECREE
The granting of the exception of no cause of action is reversed. The case is remanded to the trial court in order to allow the plaintiff-in-intervention an opportunity to amend its petition to sufficiently state a right of action. Costs are assessed to defendant-in-intervention/appellee, LHAEBT.
REVERSED AND REMANDED WITH INSTRUCTIONS.
NOTES
[*] Judge William N. Knight of the Thirty-first Judicial District participated in this decision as judge pro tempore by appointment of the Louisiana Supreme Court.