NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-586

MARY LOUISE SEELEY JENKINS

VERSUS

JOHNNIE MAE COOPER SEELEY

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-609-09
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

Carey Elizabeth Messina
Graves, Carley, LLP
P. O. Box 14203
Baton Rouge, LA 70898-4203
(225) 757-7676
Counsel for Defendant Appellee:
Johnnie Mae Cooper Seeley

**Mary Louise Seeley Jenkins**
**In Proper Person**
**11285 Hwy 26**
**Jennings, LA 70546**
**(337) 616-8389**
**Counsel for Plaintiff Appellant:**
**Mary Louise Seeley Jenkins**

**SAUNDERS, Judge.**

In this case, the plaintiff filed suit, *pro se*, in Jefferson Davis Parish asserting three claims for relief. They are to annul the marriage of the defendant to the plaintiff's father, to have the last will and testament of the plaintiff's father invalidated, and to recover personal injury damages for herself and her deceased mother from the defendant for breaking up the marriage between the plaintiff's parents and for herself due to the defendant's acts during the sickness and eventual death of the plaintiff's father.

The defendant filed several exceptions including lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. The trial court granted these three exceptions, without specifying which exception applied to which of the plaintiff's claims, and simply dismissed the plaintiff's entire case, without prejudice. The plaintiff filed this appeal. We affirm.

**FACTS AND PROCEDURAL HISTORY:**

On July 31, 2009, Mary Louise Seeley Jenkins (Jenkins) filed suit against Johnnie Mae Cooper Seeley (Seeley) in Jefferson Davis Parish seeking the annulment of Seeley's marriage to Jenkins' late father, the invalidation of the last will and testament of her late father, and the recovery of damages from Seeley for personal injuries, individually, and on behalf of Jenkins' late mother. According to Jenkins, Seeley purposefully "lured" her father away from her mother at some time in the late 1940's to the early 1950's. Jenkins' late rather and Seeley were married on or about February 15, 1954, in Minden, Louisiana. The couple then moved from Louisiana to Michigan in 1955 where they became domiciliary residents. Jenkins' father executed at least two wills in Michigan prior to his death on January 7, 2009, while still domiciled in Michigan. Seeley continues to be domiciled in Michigan.

In response to Jenkins' suit, Seeley filed several exceptions, including lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. The exceptions were set for hearing on October 27, 2009. On that date, counsel for Seeley attended the hearing, while Jenkins failed to attend. The trial court sustained Seeley's exceptions and dismissed Jenkins' suit, assessing the costs to Jenkins. The judgment was set aside by Jenkins, and a rehearing was set for March 2, 2010. At that hearing, both Jenkins and counsel for Seeley were present. After oral argument by both parties, review of the pleadings, and consideration of the applicable law, the trial court again dismissed Jenkins' suit due to lack of subject matter jurisdiction, personal jurisdiction, and improper venue. Jenkins then filed the appeal now before us.

**DISCUSSION OF THE MERITS:**

Jenkins has failed to properly assign any errors by the trial court. Rather, her brief merely raises various arguments that the trial court should not have dismissed her claims. Jenkins' petition, as best we can discern, asserts three claims: (1) a request to annul the marriage between Seeley and Jenkins' father, (2) a request to have the last will and testament of her father declared invalid, and (3) two claims for personal injuries against Seeley, one for acts that injured herself and her deceased mother and another solely for injures to herself. Given that Jenkins is proceeding *pro se*, in the interest of justice and judicial economy, we will look to the record and conduct a general review of whether the trial court properly dismissed Jenkins' entire suit.

**Claim to Annul Marriage:**

Jenkins filed suit to annul the marriage between Seeley and her father. We find that the trial court had no jurisdiction over this matter.

2

Whether a court has jurisdiction to hear a claim posits a question of law and, thus, is subject to a *de novo* review to determine if the lower court was legally correct. *Chavers v. Bright Truck Leasing*, 06-1011 (La.App. 3 Cir. 10/6/06), 945 So.2d 838, *writ denied*, 07-304 (La. 4/5/07), 954 So.2d 141. Louisiana Code of Civil Procedure Article 10(A)(6)(emphasis added) states that "[a] court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings *only* under the following conditions: [a]n action to annul a marriage if one or both of the parties are domiciled in this state."

It is not disputed that Seeley is domiciled in Michigan. Further, it is not disputed that Jenkins' father was domiciled in Michigan for many years prior to and at the time of his death. Given the mandate of La.Code Civ. P. art. 10, we find that the trial court could not entertain Jenkins' action to annul the marriage given its lack of jurisdiction, as neither party is now or was domiciled in Louisiana. Thus, we affirm the trial court's judgment dismissing Jenkins' claim to annul Seeley's marriage without prejudice.

**Validity of Last Will and Testament:**

Jenkins alleges that her late father's last will and testament was invalid. We find that Jenkins has no right of action on this issue.

"[A] peremptory exception of no right of action may be noticed by either the trial or appellate court *sua sponte* where the record supports such an action." *Gorum v. Louisiana Hosp. Ass'n. Employee Benefit Trust*, 95-468, p. 3 (La.App. 3 Cir. 11/2/95), 664 So.2d 662, 664, *citing* La.Code Civ.P. art. 927. The exception of no right of action is appropriate procedurally when questioning whether a plaintiff has any interest in judicially enforcing a right. *Greenbriar Nursing Home, Inc. v. Pilley*,

3

93-2059 (La. 5/23/94), 637 So.2d 429; *Byrd v. International Paper Co.*, 594 So.2d 961 (La.App. 3 Cir. 1992).

Jenkins argues that should the final will be invalidated, she would receive a portion of her late father's estate. This is inaccurate. The prior will attached by Jenkins to her brief indicates that she would only receive property from her father's estate if Seeley would have predeceased him. Clearly this is not what happened. Any judgment that invalidates the last will and testament of her father and enforces the prior will would still leave Jenkins with no recovery. As such, Jenkins is not a party that has any interest in which of her father's wills are probated. Further, allowing Jenkins to amend her petition in an attempt to assert some right of action in relation to her late father's wills would be a vain and useless act. *Thompson v. Harrington*, 99-571 (La.App. 3 Cir. 10/13/99), 746 So.2d 652. Accordingly, we find that Jenkins is precluded from raising this issue and affirm the trial court's judgment dismissing Jenkins' claim to invalidate her father's will without prejudice due to her having no right of action to do so.

Moreover, we note that it is not clear from the record whether the petition that Jenkins has apparently filed in Michigan purporting that the prior will should be heeded has ever been resolved. However, we also note that both wills were created in Michigan, all property dispersed in those wills is located in Michigan, and all legatees, given the language of the wills, are domiciled in Michigan. Therefore, the issue raised by Jenkins regarding which will is proper presents no issue that has any bearing on anything or anyone located in this state and would more properly be litigated in Michigan.

4

**Personal Injuries:**

Finally, Jenkins alleges in her petition that she and her deceased mother are entitled to recover for personal injury damages stemming from Seeley's alleged interference with the marriage of Jenkins' parents in the late 1940's to the early 1950's. Additionally, Jenkins alleges that Seeley caused her damage in Michigan around the time of her father's death in early 2009. We find that these issues were brought in the improper venue.[1]

The standard of review when discerning the propriety of an exception of improper venue is that of a *de novo* review. *Arc Industries, L.L.C. v. Nungesser*, 06-1353 (La.App. 3 Cir. 11/21/07), 970 So.2d 690, *writ denied*, 07-2438 (La. 2/15/08), 976 So.2d 182. However, if the trial court made factual findings that underlie the decision on an exception of improper venue, those findings are subject to the manifest error standard of review. *Id*.

"Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject." La.Code Civ.P. art. 41. The only part of La.Code Civ.P. art 42 that could be relevant to Jenkins' personal injury claims against Seeley, is the following:

The general rules of venue are that an action against:

---

[1] We note that a Louisiana state court clearly has jurisdiction over Seeley due to her alleged actions that occurred in Louisiana, despite the amount of time that has transpired since those alleged actions, via La.R.S. 13:3201, which states, in pertinent part:

A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:

. . . .

(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this state.

5

. . . .

> (6) A nonresident, other than a foreign corporation or a foreign or alien insurer, who has appointed an agent for the service of process in the manner provided by law, shall be brought in the parish of the designated post office address of an agent for the service of process.

There is no evidence in the record that Seeley has appointed an agent for service of process. Thus, we find that La.Code Civ.P. art. 42 does not provide for an appropriate venue for Jenkins' claims in this state. "The general rules of venue provided in [La.Code Civ.P. art.] 42 are subject to the exceptions provided in [La.Code Civ.P. arts.] 71 through 85 and otherwise provided by law." La.Code Civ.P. art. 43. Therefore, we must look to see if there are any exceptions to the venue rules that could apply to Jenkins' claims and allow her to bring her actions in Jefferson Davis Parish. We find no such exception.

Jenkins argues that La.Code Civ.P. art. 74 should apply for Jefferson Davis Parish to be a proper venue. This argument is without merit.

Louisiana Code of Civil Procedure Article 74 states:

> An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur.

Our supreme court, in interpreting the application of La.Code Civ.P. art. 74, in *Chambers v. LeBlanc*, 598 So.2d 337, 337-38 (La.1992), stated:

> When damage is caused to the plaintiff in the parish where the wrongful conduct occurred, then that parish is the parish of proper venue under [La.Code Civ.P. art.] 74 even if the plaintiff is in the parish of his domicile at the time of the wrongful conduct or if the damage progresses in the parish of the plaintiff's domicile.

In her petition, Jenkins' alleges, as best we can discern, that Seeley injured both

6

she and her deceased mother in March of 1952 by luring her father away from her mother, who were then married, and that Seeley intentionally injured Jenkins through various acts. Jenkins asserts that Seeley's acts took place in both Minden, Louisiana and Michigan. We take judicial notice that Minden, Louisiana is located in Webster Parish.

Jenkins' other allegation of personal injury, this time solely to her, stems from Seeley's actions during the sickness and eventual death of Jenkins' father in early 2009. According to Jenkins, all of Seeley's acts during this event occurred in Michigan. As such, all of the wrongful acts alleged by Jenkins transpired either in Michigan or Webster Parish, not Jefferson Davis Parish. Therefore, Jenkins' reliance on La.Code Civ.P. art. 74 is misguided, and Jefferson Davis is not a proper venue for these personal injury claims.

Louisiana Code of Civil Procedure Article 121 provides that "[w]hen an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice transfer it to a court of proper venue." Our supreme court, in *Marler v. Petty*, (La. 4/10/95), 653 So.2d 1167, 1171 (emphasis added), stated that "when the plaintiff does not have sufficient knowledge to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue, the case *should* be transferred to a court of proper venue pursuant to [La.Code Civ.P. art.] 121."

This statute is discretionary, and the trial court, in exercising its discretion, chose to dismiss Jenkins' personal injury claims rather than transfer them to a suitable venue, namely Webster Parish. Our Supreme Court's language in *Marler* would seem to dictate a finding that Jenkins' personal injury claims should have been transferred

7

by the trial court to Webster Parish, as Jenkins has proceeded *pro se* throughout this litigation and, during the hearing on Seeley's exceptions, requested help from the trial court for information as to where to properly file her suit. However, the language our Supreme Court used in *Marler* is that a transfer *should* take place based on La.Code Civ.P. art. 121, which gives a court the option to transfer the case based on "the interest of justice."

In the case before us, Jenkins' personal injury claims against Seeley that allegedly transpired in Louisiana occurred over fifty years ago. Given the extreme length of time that has passed, we find, in the interest of justice, that the trial court did not abuse its discretion in dismissing Jenkins' remaining personal injury claims without prejudice. Accordingly, we affirm the trial court's judgment.

**CONCLUSION:**

Jenkins, proceeding *pro se*, failed to specify any assignments of error. In the interest of justice and judicial economy, this court reviewed the judgment from which Jenkins appealed. We affirm the trial court's judgment that Jenkins' request to annul the marriage between Seeley and her father is dismissed without prejudice. We find, *sua sponte*, that Jenkins has no right of action to bring her claim to invalidate her father's last will and, therefore, affirm the trial court's judgment that this claim is dismissed without prejudice. Finally, we find that Jefferson Davis Parish is not a proper venue for Jenkins' personal injury claims against Seeley and also find that the trial court did not abuse its discretion in dismissing these claims without prejudice. All costs of this appeal are assessed to Jenkins.

**AFFIRMED.**

8