MARION F. EDWARDS, Chief Judge.
| ¿This appeal involves a dispute over contested provisions in a lease agreement regarding the right of first refusal to purchase immovable property in Jefferson Parish, and is a companion case to one decided earlier by this Court.[1]
The matter before the Court in this appeal began as a petition for breach of contract and specific performance filed by plaintiff, Winning Legends, Inc., against several defendants alleging the property leased by Legends was sold to a third party in violation of a right of first refusal clause in the contract. Legends was subsequently removed as party plaintiff and replaced by its sole shareholder, Fabien Mang. The judgments on appeal are the grant of an exception of no right of action of Mang to maintain the lawsuit, and summary judgment in favor of defendants. For reasons that follow, we affirm both judgments.

FACTS

Brothers, Frank P. Dimitri and Joseph Dimitri, owned property on North Hullen Street in Jefferson Parish, Louisiana. On February 25, 1985, they leased 13the property to Andrew Jaeger. On November 4, 1991, Winning Legends, Inc. (“Legends”), assumed the lease. Fabien Mang is the sole shareholder of Legends. The lease provided for successive options to renew the lease, and Legends renewed and recorded each option up through February 28, 2007.
Frank Dimitri died in 1993, and his wife, Josephine DeSalvo Dimitri,[2] was recognized as his sole heir and was placed in possession of Frank’s undivided one-half interest in the property. Legends’ lease was uninterrupted because it was properly recorded.
On May 30, 2000, Josephine DeSalvo Dimitri filed a petition for relief under Chapter 11 of the Bankruptcy Code. In that proceeding, all of Mrs. Dimitri’s property, including her undivided one-half interest in the North Hullen Street property, was passed to the Bankruptcy Trustee. The Bankruptcy Trustee recognized William C. Garrett as a creditor when it was shown that he held a first mortgage on several of the properties, including the North Hullen Street property at issue herein.
*523 On April 25, 2002, the Bankruptcy Court converted Mrs. Dimitri’s reorganization case into a Chapter 7 liquidation proceeding. The property was seized and sold to the highest bidder, the Succession of William C. Garrett (“Garrett Succession”), at a public auction on October 14, 2003. On that same day, the United States Marshall sold and conveyed to the Garrett Succession several properties belonging to Mrs. Dimitri, including the undivided one-half interest in the North Hullen Street property. However, because Legends had filed the lease in the public records prior to this sale, it survived the foreclosure sale and remained valid.
|4On June 19, 2003, Joseph Dimitri died. On December 11, 2003, Joseph’s succession sold some of his property, including his undivided one-half interest in the North Hullen Street property to Mrs. Josephine DeSalvo Dimitri. ■ She subsequently sold this property and other parcels to Heisler Properties, L.L.C. (“Heisler”).
On August 26, 2005, Legends filed this suit for breach of contract and specific performance seeking to enforce the right of first refusal clause in the lease on the North Hullen Street property. Legends named Heisler, the individual Garrett heirs, as well as Josephine DeSalvo Dimi-tri, the executrix and heirs of Frank Dimi-tri’s succession, Josephine Virga Dimitri, and the executrix and heirs of Joseph Dim-itri’s succession. The action sounds in contract and alleges breach of the right of first refusal clause. Legends asserts it had the right of first refusal to purchase the property that was improperly sold at the Marshall’s sale in violation of that clause. All defendants answered the lawsuit raising various defenses.
The Garrett Succession and Heisler filed an exception of no right of action alleging that Fabien Mang and Legends assigned the lease to Townsend Legends, Inc. on December 10, 2005. In response, Legends and Mang filed a motion to substitute proper party-plaintiff asserting that Mang, as sole shareholder of Legends, sold his interest in the company Winning Legends, Inc. to Raymond Townsend on November 7, 2005. However, Mang maintained that he retained all rights of first refusal and options to purchase the real property and improvements thereon in the sale of the business. That motion was granted by the trial court on March 28, 2006, and Fabien Mang was substituted as plaintiff for Legends.
Townsend Legends, Inc. (“Townsend”) filed a petition of intervention asserting that, as the current lease holder on the property, it has a vested interest in |fithe original matter before the court. A motion for summary judgment on the issue of the validity of the lease was filed by Townsend and granted by the trial court.[3]
The executrix of Frank Dimitri’s succession filed an exception of no cause of action based on a clause contained in the lease that excluded a transfer or sale of property to heirs from the right of first refusal clause. That exception was granted by the trial court. Fabien Mang filed a motion for new trial on that judgment.
The exceptions of no right of action filed by the Garrett Succession and Heisler were also granted, and Mang filed a motion for new trial on those judgments. While that motion was pending, on December 28, 2010, this Court handed down an opinion in a companion case,[4] in which *524 Royal Oldsmobile filed a similar action on another parcel of land acquired by Heisler in the same transaction. Based on that opinion, the Garrett Succession filed a motion for summary judgment. By agreement of the parties, the hearing on the motion for new trial was continued to be heard with the motion for summary judgment filed by the Garrett Succession.
After a hearing on the matter, the trial court granted the Garrett Succession’s motion for summary judgment, dismissing the claims against them. In that same judgment, the trial court denied Fabien Mang’s motion for new trial.
Fabien Mang has filed an appeal of that judgment.

LAW AND ANALYSIS

On appeal, Mang presents five assignment of error for our review. He asserts the trial court erred in:
1) Ruling that Fabien Mang does not have a right of action for specific performance to proceed in this case;
| fi2) Granting the Garrett Succession’s motion for summary judgment;
3) Granting the Heisler’s exception of no right of action;
4) Failing to hold that the Garrett Succession and Heisler were required to provide Legends with Mennonite notice; and
5) Failing to order specific performance setting aside the sale of one-half undivided interest of the property from Josephine DeSalvo Dimitri to Heis-ler, as well as the sale to the Garrett Succession.

NO RIGHT OF ACTION

The issue in assignments one and three for our.consideration is the decision of the trial court to grant the exception of no right of action filed by the Garrett Succession and Heisler. The objection of no right of action tests whether the plaintiff has a “real and actual interest” in the suit.[5] The exception is appropriate when the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with suit in a particular case.[6] The introduction of evidence to support or controvert an exception of no right of action is admissible.[7] The exception assumes that the petition states a valid cause of action and questions whether the plaintiff in a particular case has a legal interest in the subject matter of the litigation.[8]
The determination of whether a plaintiff has a right of action is a question of law.[9] Our review of questions of law is to simply determine whether the district court was legally correct or incorrect.[10] We find here that the trial court was legally correct.
It is undisputed that Fabien Mang was the sole shareholder in Winning Legends, Inc. d/b/a Legends Bar & Grill and that Legends had a valid lease on the 17property in question. It is also undisputed that Legends sold the business to Raymond C. Townsend. This matter is confused by the admission of two sales agreements and one addendum to the *525 sales agreement. Attached to the Garrett Succession’s memorandum in support of the exception of no right of action is a document executed on November 7, 2005 in which Legends is the seller and Townsend is the buyer of the business at a sales price of $250,000. There is also an “attachment” to that sale also dated November 7, 2005 that reserved the right of first refusal and options to purchase under the lease to Fabien Mang. That document is separate and is obviously in a different font. There is also a document dated December 10, 2005 that shows that Fabien Mang, acting as president of Winning Legends, Inc., sold “all of the assets of Winning Legends, Inc. d.b.a. Legends Bar & Grill which includes, but are not limited to, fixtures, furniture, equipment, utensils inventory and all leasehold improvements ...” to Raymond C. Townsend for a price of $200,000.
At the hearing, the trial court considered the documents and argument of counsel and decided that the sale on November 7, 2005 to Legends, who owned the lease and the right of first refusal, divested itself of these rights to Townsend. The attachment, which reserves the right of first refusal to Fabien Mang as an individual, does not have Legends’ approval and, therefore, is not valid. We find this reasoning persuasive. It is clear from the evidence that Legends was the lessee with the right of first refusal. When it sold the business and transferred the lease to Townsend on November 7, 2005, that right passed to Townsend. Fabien Mang, as an individual, could not reserve the right of first refusal. Further, he substituted himself for Legends as party-plaintiff in this action. Thus, the lessee with the right of first refusal is no longer a party to this action and, further, has sold its interest in the lease.
IsMang’s opposition to the ruling on the no right of action exception seems to challenge the standing of Heisler and the Garrett Succession to question the sales agreements, and the arguments in support revolve around the parole evidence rule of La. C.C. art. 1848. As we understand Mang’s argument, he maintains that the goal of contract law is to discern a compatible meaning to all provisions of the agreement. While we do not disagree with Mang’s statement of law, it is not controlling in this instance. The trial judge was ruling on a no right of action exception, and the transcript of the hearing on the motion clearly shows that the trial court considered the documents and found that they are clear and require no further interpretation. We agree. Accordingly, Fa-bien Mang has no right of action for specific performance regarding the right of first refusal clause in the lease.

SUMMARY JUDGMENT

In support of the second assignment of error,[11] regarding the grant of the motion for summary judgment, Mang argues that our ruling in Royal Oldsmobile[12] is not controlling and the trial judge erred in relying on it in this matter. The Royal Oldsmobile case shares similar facts and the same defendants with the Mang matter. In Royal, Royal Oldsmobile entered into a lease with the Dimitri Brothers in 1977. The lease had a right of first refusal clause. Royal filed suit for breach of contract and specific performance, presenting the same issues to this Court as the ones *526 under review herein. The Royal property was also one of the parcels seized and sold in the Marshall’s sale resulting from Mrs. Dimitri’s bankruptcy proceeding, and it is also a property that was purchased at the sale by the Garrett Succession. In the Royal case, as in this matter, Mrs. Joseph Dimitri sold her ^undivided half of the property to Josephine DeSalvo Dimitri, and the property was included in the sale to Heisler. The Garrett Succession moved for summary judgment that was granted by the trial court and that judgment was affirmed by this Court.
The Royal court found that, under the lease terms, the involuntary Marshall’s sale in the bankruptcy proceeding did not trigger the right of first refusal clause in the lease.
In the matter before this Court, Mang argues the terms of the two leases are different, and the reasoning in the Royal opinion is not applicable in this matter.
In Royal, the right of first refusal clause read as follows:
RIGHT OF FIRST REFUSAL. In the event that the Lessor has a bona fide offer in writing and desires to sell all or any part of the leased premises, the Lessee shall have the right of first refusal, for a period of thirty (30) days following delivery of a copy of the offer to its offices, to purchase the property for such amounts and upon such terms as the Lessor has an opportunity to sell such property to a third person. Provided, however, the right of first refusal provided for in this paragraph shall not apply to sales or transfers from the present owner to trusts for the benefit or members of the families of such owner, or to corporations, the majority of the voting stock of which is owned by the present owner or members of his family; however, such right of first refusal shall be binding on such transferees in the event the transferees desire to sell all or part of the leased premises, and Lessor agrees that a clause to that effect shall be set forth in any act of transfer of the property to any trust or corporations as set forth above.[13]
The Royal Court found that, in the involuntary bankruptcy transfer, the seller did not have a bona fide offer in writing or a desire to sell all or part of the leased property. Thus, the right of first refusal clause in the lease was not triggered.[14]
In the matter before us, the clause in the lease reads as follows:
The Lessor shall make no offer to sell nor accept an offer to buy, 1 mor make a sale of the said property to any third persons during the terms of this lease without first advising the Lessee of said offer or intention, the amount thereof, and the terms of payment, and giving the Lessee thirty (30) days from the date of mailing of such advice by registered or certified mail in which time the Lessee can exercise the said option and to purchase the said property for the same price, and with the same terms of payment as contained in the said offer to sell by Lessor, or offer to buy from a third party.
[[Image here]]
Further, provided, however, that said option mentioned above shall not be effective against sales among or between the following parties: Lessor Co-owners, their heirs, devisees, or usufructuar-ies.
Mang argues that, since the requirement of a bona fide written offer and a desire to sell are not part of the right of first refusal clause in the lease on the Legends’ property, Royal does not apply. We disagree.
*527 The property in question was seized and sold in a bankruptcy proceeding and sold at a public action by Federal Marshalls. The owner neither made an offer to sell nor accepted an offer to buy. Further, Josephine DeSalvo Dimitri did not sell her undivided one-half interest in the property to a third party. This was an involuntary sale that did not trigger the right of first refusal clause in the lease.
In our de novo review of this matter, we find there are no material facts undecided, and summary judgment was warranted as a matter of law.[15] Accordingly, the trial court was correct in finding that the lessee did not have a right of first refusal in this matter.
Because of our findings as set forth above, we pretermit any discussion of the issue of required notice to Mang raised by assignment of error number four and the application of the right of first refusal clause to further transactions. Because we find the trial court’s judgment was correct, we affirm the judgment.

AFFIRMED

. See, Royal Oldsmobile Co., Inc. v. Heisler Properties, L.L.C., 10-152 (La.App. 5 Cir. 12/28/10), 58 So.3d 483.

. Both Frank and Joseph married women named Josephine.

. There are no further pleadings filed by Townsend, and he has not participated in this appeal.

. Royal Oldsmobile Co., Inc. v. Heisler Properties, L.L.C., 10-152 (La.App. 5 Cir. 12/28/10), 58 So.3d 483.

. Louisiana Paddlewheels v. La. Riverboat Gaming Comm'n, 94-2015 (La. 11/30/94), 646 So.2d 885, 888.

. Gorum v. La. Hosp. Assoc. Employee Benefit Trust, 95-468 (La.App. 3d Cir. 11/2/95), 664 So.2d 662, 664.

. La. C.C.P. art. 931.

. Id.

. Acorn Community Land Assoc. of La., Inc. v. Zeno, 05-1489 (La.App. 4 Cir. 6/21/06), 936 So.2d 836.

. Id.

. We acknowledge that the finding that Fa-bien Mang has no right of action in this action moots out further discussion; however, because of the intervention .filed by Townsend, we will address the remaining assignments of error.

. Royal Oldsmobile Co., Inc. v. Heisler Properties, L.L.C., 10-152 (La.App. 5 Cir. 12/28/10), 58 So.3d 483.

. Royal Oldsmobile v. Heisler, 58 So.3d at 485-86.

. Id. at 492.

. La. C.C.P. art. 966(B).