MARC E. JOHNSON, Judge.
Defendants/appellants, Vidrine’s of Gonzales, LLC (“VOG”) and E. Wayne Vidrine, Sr., appeal a default judgment taken against them by plaintiff/appellee, Apex Realty, LLC (“Apex”), in a suit for breach of a lease. For the reasons that follow, we amend the judgment and, as amended, affirm the trial court’s confirmation of the default judgment.
Apex filed a petition for damages on January 5, 2012 seeking past due rent and taxes and other damages for VOG’s alleged failure to pay rent under a lease agreement. Apex alleged VOG entered into a sublease on August 28, 2004, wherein VOG agreed to lease immovable property with improvements located at 2028 Highway 30 in Gonzales to operate a restaurant for a term of 20 years. According to the petition, VOG agreed to pay monthly rent in the amount of $7,822.26, through October 2012,[1] in addition to property taxes. Apex asserted VOG paid its September, October and November 2011 rent by checks, but the checks were returned “NSF” due to insufficient funds. Apex claimed that it |ano titled VOG of the default, but VOG failed to cure the default. Apex further alleged that Mr. Vidrine personally guaranteed the obligations of VOG and, thus, was liable as a guarantor. In addition to damages relating to the breach of lease, Apex sought damages for the “NSF” checks under La. R.S. 9:2782; specifically, twice the value of each insufficient check.
On March 6, 2012, Apex filed a motion for preliminary default on the basis defendants had failed to answer the petition, despite being served on January 11, 2012. The trial court granted the preliminary default the same day. Thereafter, on March 20, 2012, Apex filed an ex parte motion to confirm the default judgment. Attached to its motion to confirm default was the affidavit of Scott Hall, a member of Apex Realty, LLC; the sublease upon which the suit was based; an Act of Cash Sale showing Apex owned the property at issue; two notice of default letters, one sent to Mr. Vidrine and the other to VOG; an Order of eviction dated January 3, 2012; receipts of costs related to the eviction proceeding; and, an itemization of damages. That day, the trial court confirmed the default judgment against VOG and Mr. Vidrine and awarded Apex $64,519.57 in damages. VOG and Mr. Vidrine timely appealed.
On appeal, VOG and Mr. Vidrine argue Apex failed to produce sufficient evidence to prove a prima facie case against them in order to confirm the preliminary default.
The procedure for obtaining a default judgment is set forth in La. C.C.P. arts. 1701 and 1702. If a defendant fails to answer within the time prescribed by law, judgment by default may be entered against him. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702(A). The default judgment cannot be different in kind from what is Ldemanded in the petition and the amount of damages must be proven to be properly due. La. C.C.P. art. 1703.
A plaintiff seeking to confirm a default judgment must prove both the existence and the validity of his claim. Arias *304 v. Stolthaven New Orleans, LLC, 08-1111 (La.5/5/09), 9 So.3d 815, 820. The elements of a prima facie case must be established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that it would prevail at trial on the merits. Arias, supra; White Haute, LLC v. Mayo, 09-955 (La.App. 5 Cir. 3/23/10), 38 So.3d 944, 951. When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. La. C.C.P. art. 1702(B)(1).
When reviewing default judgments, an appellate court is restricted to determining whether the record contains sufficient evidence to support a prima facie case. U.S. Bank Nat. Ass’n v. Custer, 09-802 (La.App. 5 Cir. 2/9/10), 33 So.3d 303, 305. On appeal, appellant has the burden of overcoming the presumption that the judgment has been rendered upon sufficient evidence to establish a prima facie case and is legally correct. Id.
Appellants first argue that Apex failed to prove it was entitled to damages under La. R.S. 9:2782 for the “NSF” checks because it failed to produce a copy of the dishonored checks. Appellants contend that under La. C.C.P. art. 1702.1, when a suit is based on a negotiable instrument, the instrument must be produced or introduced into evidence. Appellants further assert that Mr. Vidrine’s personal guaranty for the obligations of VOG do not encompass punitive damages and, thus, he cannot be personally liable for damages under La. R.S. 9:2782.
|sIn its appellee brief, Apex concedes there are deficiencies in the evidence required to prove damages for the “NSF” checks. As such, Apex agrees the damages awarded in the default judgment should be reduced by $8,812.26, the amount it listed as the “nsf fee” in its itemization of damages attached to its motion to confirm default as Exhibit G. Since there is no dispute that Apex’s evidence was insufficient to prove its entitlement to damages for the dishonored checks, we reduce the judgment of the trial court to $55,707.31.
Second, appellants argue that Apex is not the proper party to enforce the sublease because it is not a party to the sublease and it failed to prove that it has an interest in the rights derived from the sublease. VOG and Mr. Vidrine contend there was no proof the unrecorded sublease was conveyed in the Act of Sale that transferred ownership of the immovable property. Essentially, appellants assert Apex has no right of action.
An action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. Whether a plaintiff has a right of action is a question of law. Mang v. Heisler Properties, LLC, 11-867 (La.App. 5 Cir. 5/22/12), 96 So.3d 521, 524, writ denied, 12-2083 (La.11/16/12), 102 So.3d 42.
The record shows that the sublease at issue was entered into by Shoney’s, Inc. (the landlord) and VOG (the tenant) on August 23, 2004. The sublease refers to the Prime Lease, which was between Shoney’s Properties Group 4, LLC (the landlord) and Shoney’s, Inc. (the tenant). There is no indication the lease or sublease was ever recorded. On March 12, 2008, Sholand Properties Group 4, LLC, f/k/a Shoney’s Properties Group 4, LLC, entered into an Act of Sale and transferred ownership of the immovable property to *305 Apex. There was no mention of the lease or sublease in the Act of Sale.
 | (Appellants argue that because the sublease was never recorded and the Act of Sale was silent on whether the sublease was assigned or transferred with the conveyance of ownership of the immovable property, Apex has failed to prove it has a right to enforce the lease. Generally, an instrument involving immovable property shall have effect against third persons only if it is recorded. La. C.C. art. 1839. A third person who acquires an immovable that is subject to an unrecorded lease is not bound by the lease. La. C.C. art. 2712. However, an unrecorded lease can be acknowledged and assumed by third parties. Restaurant Indigo, Inc. v. Thompson, 98-2704 (La.App. 4 Cir.5/19/99), 733 So.2d 1271, 1273. Under La. C.C. art. 1843, the law provides for the ratification of obligations, including obligations arising under a lease. Means v. Comcast, Inc., 44,503 (La.App. 2 Cir. 8/19/09), 17 So.3d 1012, 1015.
Although the lease at issue in this case was not assumed by Apex in the Act of Sale, the record shows Apex and VOG affirmed the lease by their actions. Specifically, VOG occupied the land for more than three years after the transfer of ownership of the land from Shoney’s to Apex and paid rent in accordance with the terms of the lease. Apex accepted the payment of rent tendered by VOG from the time Apex acquired ownership of the land in 2008 through the time VOG defaulted on the lease and Apex filed suit. There was no other lease contract between VOG and Apex, and by their acts they both ratified the written 2004 sublease, and it was binding on them both. Accordingly, we find that Apex had a right of action to enforce the terms of the lease.
Appellants next argue that Apex failed to give proper notice of the default as required under the sublease. In particular, appellants claim that under the terms of the sublease, all notices required to be given were to be in writing and delivered by certified mail to VOG at 405 David Drive, Metairie, Louisiana. Appellants 17contend Apex mailed the notices of default to a different address[2] and, therefore, failed to prove its case by prima facie evidence.
We find appellants’ argument to be without merit. The provision upon which appellants rely is paragraph 22 of the sublease entitled “NOTICES” which provides,
... all notices and other communications required or permitted to be given hereunder shall be in writing and shall be delivered by a nationally recognized overnight courier or mailed by certified mail, postage prepaid, return receipt requested, addressed as follows ... [i]f to Tenant ... Vidrine’s of Gonzales L.L.C.[,] 405 David Drive[,] Metairie, LA. [Emphasis Added.]
A review of the sublease shows it did not require any type of notice be given in the event of VOG’s default for failure to pay rent. To the contrary, when VOG failed to pay rent, the express language of the sublease provides that Apex had the right to terminate the sublease, remove VOG from the property, and re-let the premises “without formal demand or notice of any kind.” We find nothing in the sublease that required notice of default be given to appellants.
*306 We find the record contains sufficient evidence to support a prima facie case that VOG breached the 2004 sublease and the damages Apex suffered as a result of the breach. The sublease shows VOG agreed to pay monthly rent in the amount of $7,822.26 between November 2008 and October 2012, in addition to property taxes. A personal guaranty executed by Mr. Vidrine for the obligations of VOG under the sublease is attached to the sublease.
Apex obtained ownership of the land at issue in 2008 as evidenced by the Act of Sale submitted into evidence. The affidavit of Scott Hall, a member of Apex, shows VOG tendered rent checks for the months of September, October and November 2011, but the checks were dishonored for insufficient funds. Mr. Hall |Rstated that VOG had yet to pay rent for those three months. As a result, VOG was evicted in January 2012. Mr. Hall also stated that under the sublease, VOG owed property taxes in the amount of $990.00 for September 2011, and $1,540.38 per month thereafter.[3]
The sublease provides for late fees for the delinquent payment of rent in the amount of 5% of the amount owed. It further provides for attorney fees and expenses incurred because of the default. In his affidavit, Mr. Hall referenced a spreadsheet of past due rents, property taxes, late fees, attorney fees and expenses incurred by Apex because of VOG’s default. We find this evidence sufficiently supports the trial court’s judgment confirming the default of appellants and awarding damages to Apex.

DECREE

For the foregoing reasons, we amend the award of damages in the March 20, 2012 trial court judgment from $64,519.57 to $55,707.31, and affirm the judgment as amended. Each party is to bear their own costs for this appeal.

JUDGMENT AMENDED AND AFFIRMED AS AMENDED

. The lease provided for an increase of monthly rent in periodic increments after October 2012 until the expiration of the lease.

. The record shows Apex mailed the first notice of default on October 6, 2011 to Mr. Vidrine at 4742 Argonne St., Metairie, Louisiana. The second notice of default was mailed on November 16, 2011 to VOG, to Mr. Vid-rine’s attention, at 2028 Highway 30, Gonzales, Louisiana.

. Mr. Hall explained that the property taxes increased in October 2011 because of an increase in taxes assessed by the Parish of Ascension against the property.