SUSAN M. CHEHARDY, Chief Judge.
|gOn appeal, the owner of a tank facility appeals the default judgment granted in favor of the plaintiff. After reviewing the record and the applicable law, we find a clear error of fact in the default judgment. Accordingly, we vacate the trial court judgment and remand for further proceedings.

Facts

On August 9, 2011, Dwayne P. Romious (“Romious”) filed a Petition for Damages for injuries sustained while delivering a tanker-truck to the facility belonging to CBSL Transportation Services, Inc. (“CBSL”). Romious requested service, and effected same, on CBSL through its authorized agent CT Corporation.[1]
On September 24, 2012 Romious moved for a Preliminary Default against CBSL. On January 4, 2013 Romious moved to confirm the default, and the hearing took place in open court with Romious, his wife, and his attorney present. At the hearing, the trial court took testimony from Romious as to his employment ^status, his lost wages, and his injuries, including the doctor’s diagnosis, the extent of his surgery, the doctor’s findings regarding disability, and medical bills. Mr. Romious’ medical *230 records were not, however, offered into evidence at the hearing.
On March 8, 2013, the court rendered judgment against CBSL awarding Romious $162,500.00 in damages. Notice of the March 8, 2013 judgment was sent to all parties on March 13, 2013.
On April 19, 2013, CBSL made an appearance with counsel filing a Motion to Enroll, a Request for Notice of Trial Date, and a Motion for Suspensive Appeal. The trial judge granted CBSL’s appeal on April 24, 2014 and this appeal follows.
On appeal, CBSL raises four assignments of error: first, the trial court erred in granting a default judgment based on inadmissible evidence; second, the trial court erred in considering inadmissible medical evidence; third, the trial court erred in finding that Mr. Romious offered sufficient evidence to establish liability on the defendant; and, fourth, the trial court erred in granting an excessive award of $137,500.00 for general damages and $25,000.00 for special damages.

Law and Argument

The appellate jurisdiction of courts of appeal extends to both law and facts. La. Const. Art. V, § 10(B). A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that was manifestly erroneous or clearly wrong. Stobart v. State, Dept. of Transp. and Development, 617 So.2d 880, 882, n. 2 (La.1993).
When the court of appeal finds that a reversible legal error or manifest error of material fact was made in the trial court, it is required to re-determine the facts de novo from the entire record and render a judgment on the merits. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered |4in support of the judgment. Bordelon v. Sayer, 01-0717 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, 1235, writ denied, 02-1009 (La.6/21/02), 819 So.2d 340. This determination is a factual one governed by the manifest error standard of review. Id.
The process for obtaining a default judgment when the defendant has failed to answer a petition timely is uncomplicated. It may be obtained by oral motion in open court or by written motion, entered in the minutes of the court, and the judgment consists merely of a minute entry. La. C.C.P. art. 1701(A); Power Marketing Direct, Inc. v. Foster, 05-2023 (La.9/6/06), 938 So.2d 662, 669. This judgment is sometimes referred to as a “preliminary default.” Id. Thereafter, the judgment of default may be confirmed on the third “judicial day” after the entry of the preliminary default. La. C.C.P. art. 1702(A).
Confirmation of a default judgment is similar to a trial and requires admissible “proof of the demand sufficient to establish a prima facie case.” La. C.C.P. art. 1702(A); Power Marketing Direct, 938 So.2d at 670. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits. Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989). A default judgment cannot be different in kind from what is demanded in the petition and the amount of damages must be proven to be properly due. La. C.C.P. art. 1703.
At the confirmation hearing, the rules of evidence generally apply. La. C.E. art. 1101(A). The plaintiff must follow the rules of evidence even though there is no opponent. “Because at a default confirmation there is no objecting party, to prevent reversal on appeal, both plaintiff and the trial judge should be vigilant to assure that the judgment rests on admissible evi *231 dence” that establishes a prima facie case. George W. Pugh, Robert Force, Gerald A. Rault, Jr., & Kerry Triche, | ⅛Handbook on Louisiana Evidence Law 677 (2007). Thus, inadmissible evidence, except as specifically provided by law, may not support a default judgment even though it was not objected to because the defendant was not present. 19 Frank L. Maraist, Civil Law Treatise: Evidence and Proof § 1.1, at 5 (2d ed.2007).
Finally, there is a presumption that a default judgment is supported by sufficient evidence, but this presumption may be rebutted by the record upon which the judgment is rendered. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 527, 263 So.2d 875, 878 (1972).
Turning to the case at hand, we find that the trial judge manifestly erred in its finding of fact. In its judgment, the trial court incorrectly states that Romious, “an employee of CBSL Transportation Services, Incorporated,” was “lawfully upon the premises of his employer ...” when the alleged accident occurred. However, the record clearly reflects that Romious was an employee of Schilli Corp, D/B/A Truck Transport, Inc. on the date of the accident in question. In this case, imputing an employment relationship where none exists vastly affects the parties’ rights and liabilities.[2] Accordingly, the judgment is clearly wrong.
Finding that the' judgment is manifestly erroneous, we are required to re-determine the facts de novo from the entire record and render a judgment on the merits. Rosell, supra. In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. Bordelon, supra. Our review of the record reveals that the testimony from Romious and his wife as to his employment status and his injuries may suffice to support the occurrence of an accident. Unfortunately, Mr. Romious’ medical records, including the doctor’s diagnosis, his surgical history, the doctor’s | (¿findings regarding disability, and medical bills, were not offered or accepted into evidence at the hearing. Thus, we cannot say that there was sufficient evidence offered in support of the judgment.

Conclusion

Based on the foregoing, we vacate the judgment at issue and remand the matter to the district court for further proceedings. Costs are assessed to appellant, CBSL.

VACATED AND REMANDED.

. According to the record, the Sheriff’s return of service of process was not made part of the record during the hearing to confirm the preliminary default. In its appeal brief, appellant raised the lack of documentation as an assignment of error. On March 13, 2014, pursuant to appellee’s request, the appellate record was supplemented with proof of service and citation in accordance with La. C.C.P. art. 1292. Appellant acknowledged this fact in its reply brief. Accordingly, the issue of improper service is now moot.

. In Louisiana, an employee does not have a direct cause of action against his employer for ordinary negligence; an employee's sole remedy is offered in workers’ compensation. Stelly v. Overhead Door Co. of Baton Rouge, 646 So.2d 905 (La.1994).