MARC E. JOHNSON, Judge.
12Defendants/Appellants, Van P. Vo and En T. Nguyen a/k/a Diana Vo, appeal the default judgment rendered against them and in favor of Plaintiff/Appellee, N & F Logistic, Inc. (hereinafter referred to as “N & F Logistic”), in the 24th Judicial District Court, Division “C”, concerning a suit on an open account. For the following reasons, we vacate the judgment and remand the matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
On December 11, 2013, N & F Logistic filed a Petition on Open Account against *277 Cathay Inn International, Inc. (hereinafter referred to as “Cathay Inn”) and its owners, Appellants. In its petition, N & F Logistic alleged that it, as a wholesale restaurant supply business, supplied goods to Cathay Inn, which was operated by Appellants, from November 2011 through January 2012. N & F Logistic alleged Appellants were personal guarantors for Cathay Inn and were liable in solido with Cathay Inn for an unpaid balance of $10,012.62 for the goods N & F Logistic supplied. N & F Logistic attached a copy of a July 10, 2012 document entitled 1 ^“Personal Guarantee,” a spreadsheet, and an affidavit from its account manager attesting to the debt to its petition.
On January 21, 2014, N & F Logistic filed a Motion for Preliminary Default and attached an Affidavit of Correctness of Account to it. The trial court granted the default judgment in favor of N & F Logistic on July 7, 2014 without conducting a hearing. The judgment awarded $10,012.62 in damages plus attorney’s fees, interest of 2% per month from January 30, 2013 and costs against Cathay Inn and Appellants in solido. The instant appeal followed.
ASSIGNMENTS OF ERROR
On appeal, Appellants allege the trial court erred in granting the default judgment because 1) N & F Logistic failed to present sufficient evidence to prove a pri-ma facie case of indebtedness against them; 2) the amount awarded, which included attorney’s fees, was not supported by the record; and 3) they were never served with citation with the petition.
LAW AND ANALYSIS
The procedure for -obtaining a default judgment is set forth in La. C.C.P. arts. 1701 and 1702. If a defendant fails to answer within the time prescribed by law, judgment by default may be entered against him: Apex Realty, LLC v. Vidrine’s of Gonzales, LLC, 12-530 (La.App. 5 Cir. 3/13/13); 112 So.3d 301, 303, rehearing refused, (La.App. 5 Cir. 5/2/13). A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. Id, citing La. C.C.P. art. 1702(A). In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at a trial on the merits. Romious v. CBSL Transp. Servs., 13-765 (La.App. 5 Cir. 5/21/14); 142 So.3d 228, 230, writ dismissed 14-1324 (La.9/26/14); 149 So.3d 252. When the sum due is on an open account or a promissory note or other | negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. La. C.C.P. art. 1702(B)(3). When the demand is bqsed upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required. Id. The default judgment cannot be different in kind from what is demanded in the petition and the amount of damages must be proven to be properly due. Apex Realty, LLC., citing La. C.C.P. art. 1703.
A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that was manifestly erroneous or clearly wrong. Stobart v. State, Dept. of Transp. and Development, 617 So.2d 880, 882, n. 2 (La.1993). When reviewing default judgments, an appellate court is restricted to determining whether the record contains sufficient evidence to support a prima facie case. Id. at 304. On appeal, the appellant has the burden of overcoming the presumption that the judgment has been rendered upon sufficient evidence to establish a prima facie case and is legally correct. Id.
*278 In the instant case, Appellants allege the trial court erroneously granted the default judgment in favor of N & F Logistic because there was a lack of -prima facie evidence of the alleged indebtedness against them. Appellants argue that, although. N & F Logistic alleges they were personal guarantors to debt owed by Cathay Inn, the exhibit submitted as evidence of the guaranty only contains one signature, not two. Appellants further argue there was no evidence presented as to whose signature is contained in the guaranty. Because N & F .Logistic failed to sufficiently present evidence of the personal guaranty, Appellants conclude that the debt could not have been guaranteed by them as alleged in the petition.
Conversely, N" & F Logistic maintains the trial court properly granted the default judgment in its favor because the invoices, personal guaranty and verifying affidavit formed sufficient prima facie evidence. N & F Logistic concedes that- [awhile it is correct that the personal guaranty agreement only has one signature, it does, on its face, support several facts. N & F Logistic avers the document indicates that Appellants are husband and wife and own Cathay Inn together; there was a debt owed by Appellants in the amount of $10,012.62 for supplies delivered as alleged in the petition; and there was a personal guaranty that obligated Appellants for the cost of collection on the account, which included reasonable attorney’s fees, court costs and interest. N & F Logistic contends that proof of Appellants’ signatures was not required in order to obtain the default judgment. We disagree with N & F Logistic’s position.
A contract of guaranty is equivalent to a contract of suretyship, and the two terms may be used interchangeably. N.E.N.H., L.L.C. v. Broussard-Baehr Holdings, L.L.C., 13-893 (La.App. 5 Cir. 5/14/14); 142 So.3d 91, 94, writ denied, 14-1183 (La.9/19/14); 149 So.3d 247. A sure-tyship is an accessory promise by which one binds himself for another already bound and agrees with the creditor to satisfy the obligation if the principal debt- or does not do so. Id. An agreement of suretyship must be express and in writing and must be explicit. Id.
In its petition, N & F Logistic alleged Appellants were indebted as personal guarantors for the unpaid amount owed by Cathay Inn. In support of its allegation, N & F Logistic attached a copy of a document entitled “Personal Guarantee,” which listed the names of Appellants. The document clearly states the obligations assumed by the guarantors. However, as correctly pointed out by Appellants, there is only one signature on the document. Additionally, the actual signature is illegible, and there is no printed name under the signature line to indicate exactly who signed the document. We find the document, by itself, does not sufficiently prove that Appellants expressly agreed to be personal guarantors for Cathay Inn.
| s'While N & F Logistic’s affidavit of correctness may have established prima facie proof against Cathay Inn as the original debtor, it was not prima facie proof against Appellants as alleged personal guarantors. La. C.C.P. art. 1702(B)(3) dispenses of proof of signatures for open accounts or a promissory note or other negotiable instrument. However, a personal guaranty is neither a negotiable instrument nor an open account. Premier Brands, Inc. v. Martiny, 377 So.2d 864, 865 (La.App. 4th Cir.1979). When the demand involves a non-negotiable instrument or document, the jurisprudence holds that proof of the signatures is required, which is based upon an inverse reading of La. C.C.P. art. 1702(B)(3). Chana v. Mungoven, 550 So.2d 939, 941 (La.App. 5th Cir. *279 1989). Without further evidence establishing Appellants’ obligation to N & F Logistics, the finding that Appellants are personally liable to N & F Logistic for Cathay Inn’s debt is legally incorrect.
Therefore, we find the trial court erroneously granted the default judgment against Appellants by finding N & F Logistic provided sufficient prima facie evidence to prove it would have prevailed at a trial on the merits against Appellants as personal guarantors. Because we find there was insufficient evidence presented in support of the default judgment, we pretermit discussion of Appellants’ remaining assignments of error.
DECREE
For the foregoing reasons, we vacate the default judgment rendered by the trial court against Van P. Vo and En T. Nguyen a/k/a Diana Vo in favor of N & F Logistic, Inc. and remand the matter to the trial court for further proceedings. N .& F Logistic is assessed the costs of this appeal.

VACATED AND REMANDED.